**EXHIBIT A**

Alex Asil Mashiri, Esq. (SBN 283798)
alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, California 92150
Telephone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff
NAJAH SAHEBZADA

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
11/28/2016 at 08:00:00 AM
Clerk of the Superior Court
By Patrick Gonzaga, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO

NAJAH SAHEBZADA,

   Plaintiff,

vs.

ENHANCED RECOVERY COMPANY, LLC. and DOES 1 through 20

   Defendants.

Case No. 37-2016-00041504-CU-MC-CTL

**COMPLAINT FOR DAMAGES**

Plaintiff NAJAH SAHEBZADA alleges as follows:

## INTRODUCTION

1. Plaintiff NAJAH SAHEBZADA (hereinafter referred to as "Plaintiff") brings this Complaint against Defendant ENHANCED RECOVERY COMPANY, LLC. (hereinafter referred to as "Defendant") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA"), and the California Consumer Credit Reporting Agencies Act ("CCRAA").

2. Plaintiff seeks actual damages, statutory damages, attorneys' fees and

costs, and other relief the Court deems appropriate.

3. Plaintiff alleges as follows, upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## PARTIES

8. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692a(3) and California Civil Code section 1785.3(b), and a "debtor" as the term is defined by California Civil Code section 1788.2(h).

9. Plaintiff is informed and believes, and thereupon alleges, that Defendant is, and at all times mentioned herein was, a corporation who was conducting and engaging in business in the County of San Diego, State of California.

10. Plaintiff is informed and believes, and thereupon alleges, that Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore debt collectors as that phrase is defined by 15 U.S.C. section

1692a(6).

11. Plaintiff is informed and believes, and thereupon alleges, that Defendant is a debt collector as defined under California Civil Code section 1788.2(c).

12. Defendant attempted to collect a consumer debt as defined under the FDCPA and Rosenthal FDCPA.

13. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 20, and therefore sues those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when such names and responsibilities are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's claims alleged in this complaint were proximately caused by such Defendants.

14. Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## JURISDICTION AND VENUE

15. Jurisdiction of this Court arises under California Code of Civil Procedure 410.10 *et. seq.* This Court also has jurisdiction under 15 U.S.C. section 1692k(d).

16. This action arises out of Defendants' violations of the FDCPA and Rosenthal FDCPA. Because Defendants do business within the State of California, County of San Diego, personal jurisdiction is established.

## RELEVANT FACTS

17. On December 9, 2015, Plaintiff obtained a copy of her Transunion credit report and discovered for the first time that Defendant was reporting that Plaintiff

owed a debt, in the amount $191.00, to A&T (Cable/Cellular)

18. Plaintiff did not owe any debt to AT&T (Cable/Cellular) and did not have an account with them.

19. On May 25, 2016, after consulting with counsel, Plaintiff's counsel sent a letter to Defendant disputing the debt and requesting a verification of the alleged debt. Defendant never responded.

## FIRST CAUSE OF ACTION
### (Violation of the FDCPA against All Defendants)

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

## COUNT 1

21. Defendant violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(10), and 1692f, because it attempted to collect a debt from the Plaintiff that did not belong to the Plaintiff. This is exactly the type of behavior the FDCPA is designed to prevent. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988) [holding that Congress designed the FDCPA to "eliminate the recurring problem of debt collectors dunning the wrong person…."].

## COUNT 2

22. Defendant violated 15 U.S.C. section 1692e(8), because it reported to Transunion that Plaintiff owed $191.00, when in fact she did not. The reporting to Transunion is incorrect because Plaintiff never owed the alleged debt, Defendant was reporting to the credit bureaus, including Transunion.

23. As a result of each and every violation of the FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

24. As a result of each and every violation of the FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline

costs to the law firm, telephone call charges, copies, postage, and other damages.

25. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A); and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## SECOND CAUSE OF ACTION
### (Violation of the Rosenthal FDCPA against all Defendants)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates the FDCPA.

28. By violating 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(8), 1692e(10) and 1692f of the FDCPA, Defendant violated the Rosenthal FDCPA.

29. As a result of this violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

30. As a result of this violation of the Rosenthal FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

31. As a result of this violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## THIRD CAUSE OF ACTION
### (Violations of the CCRAA against all Defendants)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. California Civil Code section 1785.25(a) states:

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

34. Defendant violated the CCRAA by violating California Civil Code section 1785.25(a) because it furnished to Transunion, a consumer credit reporting agency, that Plaintiff owed $191.00, when in fact she did not. Defendant knew or should have known that the information it provided to Transunion was incomplete and/or inaccurate.

35. As a result of each and every violation of the CCRAA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, loss of creditworthiness and credit standing, and out-of-pocket expenses the exact amount of which is to be proven at trial.

36. As a result of each and every violation of the CCRAA, Plaintiff is entitled to actual damages, reasonable attorney's fees and costs pursuant to California Civil Code section 1785.31(a)(1); and statutory damages for a knowing or willful violation in the amount of up to $5,000.00 pursuant to California Civil Code section 1785.31(a)(2)(B).

## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;
2. For statutory damages;
3. For interest according to law;
4. For attorneys' fees;
5. For costs of suit herein incurred; and

- 7 -

6. For other and further relief as the court may deem proper.

DATED: November 25, 2016

**MASHIRI LAW FIRM**
A Professional Corporation

By: _____
Alex Asil Mashiri
Attorney for Plaintiff
NAJAH SAHEBZADA